Jennifer L. BRINKMEIER, Plaintiff,

v.

BIC CORPORATION and BIC USA Inc., Defendant.

Jennifer L. Brinkmeier, Plaintiff,

v.

Bayer Healthcare LLC., Defendant.

Civ. Nos. 09–860–SLR, 10–01–SLR.

United States District Court, D. Delaware.

Aug. 25, 2010.

---

Stamatios Stamoulis, Esquire and Richard C. Weinblatt, Esquire of Stamoulis & Weinblatt LLC, Wilmington, DE, Counsel for Plaintiff.

James M. Lennon, Esquire of Womble Carlyle Sandridge & Rice PLLC, Wilmington, DE, Counsel for Defendant BIC Corporation and BIC USA Inc. Of Counsel: William M. Ragland, Jr., Esquire of Womble Carlyle Sandridge & Rice PLLC, Atlanta, GA.

Rodger D. Smith II, Esquire and Andrew C. Mayo, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE, Counsel for Defendant Bayer Healthcare LLC. Of Counsel: Bradford J. Badke, Esquire, Jeanne C. Curtis, Esquire, and Matthew A. Traupman, Esquire of Ropes & Gray LLP, New York, NY.

1. The court has jurisdiction over these actions under 28 U.S.C. §§ 1331 and 1338(a).

2. Jennifer Brinkmeier has filed four false marking suits in this court against different defendants. *See Brinkmeier v. Graco Children's Products Inc.*, 684 F.Supp.2d 548, 551

## MEMORANDUM OPINION

SUE L. ROBINSON, District Judge.

### I. INTRODUCTION[1]

On November 13, 2009, Jennifer L. Brinkmeier ("plaintiff") filed Civ. No. 09–860 alleging false marking against BIC Corporation and BIC USA Inc. (collectively, "defendants") pursuant to 35 U.S.C. § 292.[2] (Civ. No. 09–860, D.I. 1) Plaintiff seeks a declaratory judgment that BIC falsely marked products with expired U.S. Patent Nos. 4,496,309 ("the '309 patent"), 4,509,916 ("the '916 patent"), and RE 33,-282 ("the '282 patent") and seeks monetary damages. (*Id.*, D.I. 1 at 2, 7) BIC seeks dismissal of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and under Federal Rule of Civil Procedure 9(b) for failure to plead allegations of fraud with the required particularity. (*Id.*, D.I. 6; D.I. 7 at 1)

On January 3, 2010, plaintiff filed Civ. No. 10–01 against Bayer HealthCare LLC, also alleging false marking pursuant to 35 U.S.C. § 292. (Civ. No. 10–01, D.I. 1) Plaintiff seeks a declaratory judgement that Bayer falsely marked products with expired U.S. Patent Nos. 4,948,002 ("the '002 patent") and D330,677 ("the '677 patent") and seeks monetary damages. (*Id.* at ¶¶ 12, 13) Bayer filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and under Federal Rule of Civil Procedure 9(b) for failure to plead allegations of fraud with the required particularity. (*Id.*, D.I.

(D.Del.2010), ruling on amended complaint pending; the current cases; and Civ. No. 10–176, in which a motion to transfer venue is pending. (http://www.grayonclaims.com/home/2010/3/2/patent-marking-police-strike-again-100-companies-now-affecte.html).

7 at 3) Plaintiff subsequently filed an amended complaint on March 8, 2010. (*Id.*, D.I. 9) Bayer has filed a motion to dismiss the amended complaint.[3] (*Id.*, D.I. 11)

For the reasons that follow, the motions to dismiss filed by BIC and Bayer are granted.

## II. BACKGROUND

### A. BIC

Plaintiff is a resident of Philadelphia, Pennsylvania and a purchaser of BIC products. (D.I. 1 at ¶ 1)[4] BIC Corporation and BIC USA Inc. (herein collectively referred to as "BIC") are Delaware corporations, having a principle place of business at 500 BIC Drive, Milford, Connecticut and a registered agent at The Corporate Trust Company, Corporate Trust Center, in Wilmington, Delaware. (*Id.* at ¶ 2–3)

BIC is a world leader in lighter production, selling more than 15 billion lighters in 160 different countries. (*Id.*, ex. A at 1) According to plaintiff, the following patents have expired: (1) the '309 patent, entitled "Liquid Gas–Operated Lighted, Particularly Pocket Lighter," issued January 29, 1985 and expired March 18, 2002; (2) the '916 patent, entitled "Devices for Producing Ignition Sparks when Falling on a Pyrophoric Flint," issued April 9, 1985 and expired January 11, 2004; and (3) the '282 patent, entitled "Liquid Gas–

Operated Lighter," issued July 31, 1990 (as a reissue of U.S. Patent No. 4,560,345 ("the '345 patent")),[5] and expired on December 24, 2002. (*Id.* at ¶¶ 9–11) Plaintiff alleges that, without respect to a particular date, "BIC has in the past marked, or caused to be marked, and presently marks, or causes to be marked, at least the following products with the '309, '916, and/or '282 patents: BIC® Mini lighters ['309, '916, '282], BIC® Classic lighters ['309, '282], BIC® Electronic lighters ['309, '282,], BIC® Special Edition lighters [6] ['916, '282], and BIC® Gripper cases with lighters ['282]." (*Id.* at ¶ 18) Each of these products also contains additional patent markings as well as the language "other issued and pending patents." (*Id.* at ¶¶ 29–32)

According to plaintiff, BIC "is a sophisticated company that has many decades of experience applying for, obtaining, and litigating patents." (*Id.* at ¶ 20) BIC has an in-house legal department, which is responsible for its intellectual property, marketing, labeling, and advertising law and who "regularly litigate[s], or oversee[s] litigation of, patent infringement and false advertising claims." (*Id.* at ¶¶ 21–22, 27) BIC has previously accused companies of (and itself has been accused of) patent infringement. (*Id.* at ¶ 26) Plaintiff alleges that BIC "knows, or reasonably should know, of" the requirements of the marking statute and laws pertaining to product marking. (*Id.* at ¶ 27)

---

3. Bayer's motion to dismiss the original complaint (Civ. No. 09–860, D.I. 6) is denied as moot.

4. D.I. numbers in this section refer to Civ. No. 09–860.

5. According to plaintiff, an interference proceeding took place during prosecution of the '345 patent, which resulted in a favorable decision for BIC. (D.I. 1 at ¶¶ 12–14)

6. Plaintiff's complaint does not contain an attached exhibit of a picture of the Special Edition lighter. BIC argues that the Federal Rules of Civil Procedure require photographs to be attached as exhibits to the complaint in order to properly plead the allegation. Plaintiff disagrees with BIC's interpretation of the Federal Rules of Civil Procedure but has attached an image of the Special Edition lighter to its opposition of motion to dismiss as exhibit 1. (D.I. 8, at p. 4, nt. 3)

Plaintiff further alleges that BIC "reviews and revises the patent markings on the products identified [ ] above" and therefore "knows, or should know, that one or more of the patents marked on the products identified [above] are expired." (*Id.* at ¶¶ 24, 28) Notwithstanding, BIC "intentionally included expired patents in the patent markings," with the "intent to deceive the public" into believing "that something contained in or embodied in the products is covered by or protected by each of the expired patents." (*Id.* at ¶¶ 33, 35) Marking products with expired patents has the potential to "discourage or deter others from commercializing a competing product." (*Id.* at ¶ 36) By falsely marking products, BIC has "wrongfully and illegally advertised patent monopolies" that it does not have and has "benefitted in at least maintaining considerable market share with respect to the herein described products." (*Id.* at ¶ 39) Plaintiff contends that products with expired patents contribute to "public harm," and BIC has "wrongfully quelled competition" and "caus[ed] harm to the United States." (*Id.* at ¶¶ 38, 40)

According to plaintiff, "each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears (e.g., each individual product or package sold in a retail store or online), is a separate 'offense' pursuant to 35 U.S.C. § 292(a)." (*Id.* at ¶ 41) Plaintiff therefore seeks: (1) judgment that defendants have falsely marked patents in violation of 35 U.S.C. § 292; (2) a civil monetary fine of $500 per false marking offense or, alternatively, an amount as determined by this court, one-half of which is paid to the United States;

(3) an accounting of falsely marked products not presented at trial; (4) judgment that this case is exceptional pursuant to 35 U.S.C. § 285; (5) an award of all its costs; and (6) any further relief, in law or equity, that the court deems appropriate. (D.I. 1 at 7)

In its motion to dismiss, BIC contends that plaintiff's complaint: (1) "fails to plead facts showing actual knowledge of patent expiration, let alone facts to support a reasonable inference that BIC marked its lighter products for the purpose of deceiving the public;" (2) contains "conclusory allegations that merely parrot the statutory language of Section 292;" and (3) is legally insufficient in regards to the "allegations of intentional deceit and lack of good faith." (D.I. 7 at 1) In addition, BIC asserts that a § 292 claim is premised on bad faith and should be viewed as a fraud-based claim which must be pled with particularity pursuant to Rule 9(b). Therefore, plaintiffs "failure to plead appropriate particularized facts to support the fraud-based allegations is further grounds for dismissal." (*Id.* at 1–2)

## B. Bayer

Bayer HealthCare LLC ("Bayer") is a Delaware limited liability corporation with a registered agent at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware. (D.I. 9 at ¶ 2)[7] Bayer is one of the largest marketers of over-the-counter medications and nutritional supplements in the world. (*Id.* at ¶ 3) Bayer markets Aleve® as having an "easy-to-open, Safety SQUEASE® bottle [that] has a unique shape to make it distinctive and allow the package to fit comfortably in the hand."[8] (*Id.* at ¶¶ 5, 7)

---

7. D.I. numbers in this section refer to Civ. No. 10–01.

8. Aleve® is a nonprescription strength of Anaprox®, a fast acting form of the medicine Naprosyn® which, for many years, has been

Originally, Aleve® was a product of a joint venture between Syntex Corporation and Procter & Gamble in 1988. (*Id.* at ¶ 9) In or around 1994, Roche Holding Company purchased Syntex Corporation's interest in the joint venture so that Roche Holding Company and Procter & Gamble each owned fifty percent (50%) of the joint venture. (*Id.* at ¶ 11) In or around June 1996, Roche Holding Company purchased Procter & Gamble's interest and became owner of one hundred percent (100%) of the joint venture. (*Id.* at ¶ 12) Later that year, Roche Holding Company formed a joint venture with Bayer A.G. to sell Aleve® and, in 2004, Bayer A.G. purchased Roche Holding's nonprescription healthcare unit, becoming Bayer Consumer Care LLC. (*Id.* at ¶¶ 13–15) In September 2006, Bayer Consumer Care LLC merged into Bayer HealthCare LLC. (*Id.* at ¶ 15f) According to U.S. Trademark Registration No. 1,963,877 for SAFETY SQUEASE, Proctor & Gamble is listed as the owner of the registration. (*Id.* at ¶ 16)

Plaintiff alleges that Bayer "has in the past marked, or caused to be marked, and presently marks, or causes to be marked," at least the following products with expired patents: (1) Aleve® Liquid Gels; (2) Aleve® Caplets; and (3) Aleve® Smooth Gels. (*Id.* at ¶ 35) According to plaintiff, these patents include: (1) the '002 patent, entitled "Package Exhibiting Improved Child Resistance without Significantly Impeding Access by Adults," issued August 14, 1990 and expired December 29, 2008; and (2) the '677 patent, entitled "Bottle," issued November 3, 1992 and expired November 3, 2006. (*Id.* at ¶¶ 21, 23) Plaintiff alleges that both the '002 and '677 patents identify the Procter & Gamble

Company as the assignee and the U.S. Patent and Trademark Office patent assignment database does not identify any subsequent assignments. (*Id.* at ¶¶ 22, 24)

According to plaintiff, Bayer "is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents." (*Id.* at ¶ 37) Bayer has an in-house legal department, which is responsible for Bayer's intellectual property and marketing, labeling, and advertising law and who "regularly litigate[s] or oversee[s] litigation of patent infringement cases." [9] (*Id.* at ¶¶ 39, 40, 48) Bayer has previously accused companies, and has been accused, of patent infringement. (*Id.* at ¶ 47) According to plaintiff, Bayer's attorneys are also responsible for "conducting due diligence in corporate transactions including, but not limited to, intellectual property due diligence" and that such due diligence was performed to ensure it had the right to use the '002 and '677 patents. (*Id.* at ¶¶ 29, 41) Plaintiff alleges that Bayer "knows, or reasonably should know, of the requirements of" the marking statute. (*Id.* at ¶ 48)

Plaintiff further alleges that Bayer "reviews and revises the patent markings on the products identified [ ] above" and therefore "knows, or at least should know [ ], that one or more of the patents marked on the products" are expired. (*Id.* at ¶¶ 45, 50) Bayer "revised the labels and/or leaflets at least once, including, but not limited to, identifying 'Bayer Healthcare LLC instead of Bayer Corporation.'" (*Id.* at ¶ 51) Bayer knew that the '002 and '677 patents were expired when it caused bottles of Aleve® to be manufactured and marked and "intentionally included the ex-

---

the number one selling brand in its class (anti-arthritics). (D.I. 9 at ¶ 5)

9. Plaintiff references a portion of Bayer's 2006 Annual Report which states, "[t]o mini-

mize the risk of infringement of our patents, our legal department regularly reviews the patents situation ... and watches for potential infringement attempts...." (*Id.* at ¶ 44)

pired patents in the patent markings" with the "intent to deceive the public into believing that something contained in or embodied in the products is covered by or protected by each of the expired patents" and to discourage others from competing. (*Id.* at ¶¶ 56–59) As a result, Bayer has "wrongfully and illegally advertised patent monopolies which it does not possess" and has "benefitted in at least maintaining its considerable market share with respect to the herein described products." (*Id.* at ¶ 63) Bayer has "wrongfully quelled competition" and "caus[ed] harm to the United States." (*Id.* at ¶ 61) Plaintiff, and those similarly situated, have been directly harmed due to having to pay higher prices for the product. (*Id.* at ¶ 62) Plaintiff seeks the same relief as stated above for BIC. (*Id.* at 11)

In its motion to dismiss plaintiffs amended complaint, Bayer asserts that § 292 claims must be pled with particularity under Rule 9(b) because such claims "sound in fraud." (D.I. 12 at 8) Bayer contends that plaintiffs "sweeping allegations of intent ... do not permit the court to infer more than the mere possibility of misconduct" and, therefore, fail to meet even the relaxed pleading standards of Rule 8(a). (*Id.* at 12) Bayer further asserts that plaintiff has failed to state a claim because marking products with an expired patent does not "run afoul of § 292 and actually assists competitors." (*Id.* at 13) Therefore, plaintiffs amended complaint "fails to allege any facts that show she is entitled to relief under § 292, and should be dismissed pursuant to Rule 12(b)(6)." (*Id.*)

## III. STANDARDS

### A. Motion to Dismiss

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (interpreting Fed.R.Civ.P. 8(a)) (internal quotations omitted). A complaint does not need detailed factual allegations; however, "a plaintiffs obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 555, 127 S.Ct. 1955 (alteration in original) (citation omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 545, 127 S.Ct. 1955.

### B. Pleading Fraud Under Rule 9(b)

Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).[10] Rule 9(b)

---

10. In analyzing the "generally" language in Rule 9(b), the Supreme Court has stated:

It is true that Rule 9(b) requires particularity when pleading fraud or mistake, while

allowing [m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally. But generally is a relative term. In the context of Rule 9, it is to

serves to give defendants "notice of the claims against them, provide[ ] an increased measure of protection for their reputations, and reduce[ ] the number of frivolous suits brought solely to extract settlements." *In re Suprema Specialties, Inc. Securities Litigation*, 438 F.3d 256, 270 (3rd Cir.2006). To satisfy Rule 9(b), a plaintiff must plead;

> (1) a specific false representation [or omission] of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage.

*Id.* However, courts have recognized that a relaxed Rule 9(b) standard may apply when "essential information lies uniquely within another party's control." *Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d 1312, 1330–31 (Fed.Cir.2009); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1418 (3rd Cir.1997). Thus, in such situations, a plaintiff may plead based upon information and belief, "but only if the pleading sets forth the specific facts upon which the belief is reasonably based." *Id.* Therefore, even under this relaxed standard, "boilerplate and conclusory allegations will not suffice," and the plaintiffs have an obligation to "accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1418. Plaintiffs are not required to plead the "date, place or time" of the fraud, if they have an "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." *Rolo v. City Invest-*

*ing Co. Liquidating Trust*, 155 F.3d 644, 658 (3rd Cir.1998) (citing *Seville Indus. Machinery v. Southmost Machinery*, 742 F.2d 786, 791 (3d Cir.1984)).

## IV. DISCUSSION

### A. Mismarking Under 35 U.S.C. § 292

■ "The Patent Act prohibits marking an unpatented article with the word 'patent' or any patent number for the purposes of deceiving the public." *Juniper Networks v. Shipley*, Civ. No. 09–0696–SBA, 2009 WL 1381873, *3 (N.D.Cal. May 14, 2009). In relevant part, 35 U.S.C. § 292(a) and (b) state that:

> (a) Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented **for the purpose of deceiving the public** ... shall be fined not more than $500 for every such offense.

> (b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States.

35 U.S.C. § 292 (emphasis added). Section 292 is penal in nature and must be strictly construed. *Clontech Labs., Inc. v. Invitrogen Corp.*, 263 F.Supp.2d 780, 791 (D.Del.2003). However, while penal in nature, § 292 is not a criminal statute. *Id.*

The Federal Circuit has recently stated that, to establish false marking, two elements must be shown: (1) marking an unpatented article; and (2) intent to deceive the public. *Forest Group, Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir.2009) (*See also Clontech Labs. Inc. v.*

---

be compared to the particularity requirement applicable to fraud or mistake. Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give him

license to evade the less rigid-though still operative-strictures of Rule 8.
*Ashcroft v. Iqbal*, —— U.S. ——, 129 S.Ct. 1937, 1954, 173 L.Ed.2d 868 (2009) (internal quotations removed).

*Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed.Cir.2005).[11])

## B. Plaintiff's Claims Against BIC

Plaintiffs complaint against BIC (herein referred to as *"Brinkmeier II "*) satisfies the first two elements of a false marking claim. Her complaint lists the various products (BIC® Mini lighters, BIC® Classic lighters, BIC® Electronic lighters, BIC® Special Edition lighters, and BIC® Gripper cases with lighters (D.I. 1 at ¶ 18)) and patents affixed to them as well as alleging which of those patents are expired ('309, '916, and '282 patents). As neither party focuses on these factors, the court will focus on whether plaintiff has pled the remaining elements of a false marking claim.

### 1. "Unpatented Article"

■ As noted previously, § 292 prohibits marking an "unpatented article." 35 U.S.C. § 292. BIC argues that its products are not "unpatented articles" because there are still at least two unexpired patents on each of the products.[12] (D.I. 7 at 16) The Federal Circuit has specifically rejected this argument, holding that "[w]hen the statute refers to an 'unpatented article' the statute means that the article in question is **not covered by at least**

one claim of each patent with which the article is marked." *Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed.Cir.2005) (emphasis added). BIC contends that the foregoing is dicta because the court was not addressing a situation where the product was covered by one· patent and not another, and that "a three-member panel of the Federal Circuit made this statement without citation and with no discussion of the legislative intent behind the term 'unpatented article'." (D.I. 7 at 15) However, courts within the Third Circuit, as well as others, follow the Federal Circuit's definition of "unpatented article." *See e.g. Brinkmeier v. Graco Children's Products Inc.*, 684 F.Supp.2d 548, 551 (D.Del.2010) ("The court rejects defendant's contention that no actionable mismarking can occur if the product at issue is covered by at least one claim of the patents listed."); *DP Wagner Mfg. Inc. v. Pro Patch Systems, Inc.*, 434 F.Supp.2d 445, 455 (S.D.Tex.2006) (The Federal Circuit's interpretation of "unpatented article" in *Clontech* "is controlling in this case, notwithstanding the fact that other courts may have interpreted the term differently in the past.")[13] The court declines to embrace BIC's reasoning and ignore precedent.

11. The Third Circuit has stated that, to establish false marking, a plaintiff must show: (1) a marking importing that the article is patented; (2) falsely affixed to; (3) an unpatented article; (4) with the intent to deceive the public. *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1351 (Fed.Cir.2005). *See also Juniper Networks v. Shipley*, Civ. No. 09–0696–SBA, 2009 WL 1381873, at *3 (N.D.Cal. May 13, 2009).

12. BIC also argues that listing expired patents does not support an inference of purposeful deceit and may offer benefits to the public. (D.I. 7 at 16) The Federal Circuit, however, recently addressed the public policy concerns of false marking, stating that "[a]cts of false marking deter innovation and stifle competition in the marketplace ... and may also

deter scientific research when an inventor sees a mark and decides to forego continued research to avoid possible infringement." *Forest Group*, 590 F.3d 1295, 1302–03 (Fed. Cir.2009).

13. In support of its argument, BIC relies upon the following language from *Pequignot v. Solo Cup Co.*:

The interpretation urged by Pequignot— that the term "unpatented article" refers to any article not presently **protected by a patent**—is entirely consistent with this principle. . . . Pequignot's interpretation is also consistent with everyday colloquial speech. . . . The Court concludes that these articles are also "unpatented," as they are not presently **protected by a valid patent.**

### 2. "For the Purpose of Deceiving the Public"

Section 292 requires evidence that the accused party "act for the purpose of deceiving the public." *See e.g. Clontech Labs., Inc.,* 406 F.3d at 1352 ("We see no reason to interpret the statute differently to render it a statute of strict liability for mismarking."); *Symbol Technologies, Inc. v. Proxim Inc.,* Civ. No. 01–801–SLR, 2002 WL 1459476, *1 (D.Del. June 25, 2002) ("[C]learly a finding of intent to deceive the public is an essential element of the offense of mismarking."). As stated by the Federal Circuit:

> Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true. Intent to deceive, while subjective in nature, is established by objective criteria.

*Clontech Labs., Inc.,* 406 F.3d at 1352.

### a. Pleading standard.

To support her claim that BIC intentionally marked its products with expired patents, plaintiff asserts that: (1) "as BIC well knows, after a patent issues, a maintenance fee must be paid or else the patent will expire;" (2) "[a] sophisticated company such as BIC likely would not inadvertently include expired patents in its patent markings;" (3) "BIC's continued marking of its lighters with expired patents after the filing of the complaint is simply inexcusable and conclusively demonstrates BIC's deceptive intent;" and (4) "the massive volume of lighters BIC sells also establishes its intent to deceive." (D.I. 8 at 11 –15) Plaintiff further argues that, since the Federal Circuit has not ruled on whether Rule 9(b) should apply to § 292 claims, pleading is appropriate under Rule 8(a). (*Id.* at 23) If Rule 9(b) were to apply, according to plaintiff, her complaint satisfies the pleading requirements because she alleged the "who, what, when, where, and how of the false marking." (*Id.* at 25)

Similar allegations were raised by this plaintiff in *Brinkmeier v. Graco Children's Products Inc.,* 684 F.Supp.2d 548, 549 (D.Del.2010) (herein referred to as "*Brinkmeier I* "). In *Brinkmeier I,* the court ultimately decided that it need not resolve

Such a construction ensures uniform interpretation of these two related adjectives. For these reasons, the Court concludes that the ordinary meaning of the term "unpatented article" in 35 U.S.C. § 292(a) is an article **unprotected by a patent,** and includes an article for which a once valid patent has expired. *Pequignot,* 540 F.Supp.2d 649, 652 (E.D.Va. 2008) (emphasis added). From this language, defendant focuses on the wording "protected by a patent" and urges the court that only one valid patent is required. In *Pequignot,* however, the court was addressing the issue of whether inclusion of an expired patent and/or the conditional "may be covered by" language constituted false marking. *Id.* In denying defendants' motion to dismiss, the court ruled that "marking an article with an expired patent number is a false marking under 35 U.S.C. § 292(a)," but liability for marking with expired patents or conditional statements, "depends on whether [plaintiff] can demonstrate[ ] by a preponderance of the evidence that [defendant] intended to deceive the public." *Id.* at 654–55, *aff'd Pequignot v. Solo Cup Co.,* 608 F.3d 1356, 1362–63 (Fed.Cir. 2010).

BIC also relies on Chisum on Patents to support its argument that no culpable mismarking occurs if not all of the patents listed cover the product. 7 Donald S. Chisum, Chisum on Patents, § 20.03[7][c][vii], at 20–656 (2002). However, the full citation actually defeats its argument. ("Therefore, a strong case can be made for finding culpable mismarking when a person intentionally continues to mark articles with the number of an expired patent.") *Id.* BIC also cites to two 1960s cases.

whether the heightened pleading requirements of Rule 9(b) applied because plaintiffs "amended complaint ... fail[ed] to sufficiently plead a required element—intent to deceive—under the even liberal pleading standards of Rule 8(a)." *Id.* at 553. The plaintiffs complaint alleged:

> [B]ecause the scopes of these patents do not cover the marked products, defendant cannot have any reasonable belief that such products are protected by such patents and that defendant knows, or should know that the products have been falsely marked. Upon information and belief, [defendant] marked products ... with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the expired patent[s].

*(Id.)* (emphasis added). The court concluded that "[t]hese allegations alone do not supply enough factual matter to suggest an intent to deceive, and amount to nothing more than the mere labels and conclusions prohibited by *Twombly*."[14] *Id.* However, the court found that plaintiff had sufficiently pled intent to deceive in reference to one patent ("the '437 patent"), even had the heightened pleading requirements of Rule 9(b) applied, stating:

> To the extent a heightened pleading standard under Rule 9(b) does apply, the court concludes that the allegations meet the Rule 9(b) standard as well. Plaintiff alleges the expired patent at issue, and the products alleged to be falsely marked. Further, defendant was

adequately put on notice of the period in which the false marking took place, and the circumstances which plaintiff contends demonstrate defendant's intent to deceive.

*Id.* at 553, n. 5. Adequate notice came from plaintiff's allegations that "defendant has been sued by two competitors for infringing the '437 patent, and [ ] defendant has revised its patent markings at least 3 times since the '437 patent expired in June 2007." *Id.* at 553.

Courts are split as to whether the heightened pleading requirements of Rule 9(b) apply to section 292 claims. The United States District Court for the Eastern District of Pennsylvania recently ruled that the Rule (9)b pleading standard applies. *Hollander v. Etymotic Research, Inc.*, Civ. No. 10–526, 726 F.Supp.2d 543, 551–52, 2010 WL 2813015, *7 (E.D.Pa. July 14, 2010) ("The Court is persuaded by the law of other district courts holding that false marking claims are fraud-based claims subject to Rule 9(b)'s heightened pleading standards."), *citing Juniper Networks v. Shipley*, No. 09–0696, 2009 WL 1381873, *4 (N.D.Cal. May 14, 2009) ("The false marking statute is fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b)."); *Simonian v. Cisco Sys., Inc.*, Civ. No. 1306, 2010 WL 2523211, *3 (N.D.Ill. June 17, 2010) ("Accordingly, the Rule 9(b) pleading standard applies to [defendant's] false marking claim.").[15] The court recognized that the Federal Circuit has yet to determine whether Rule 9(b) applies to

---

**14.** Plaintiff has since filed two amended complaints (Civ. No. 09–cv–262–JJF, D.I. 20, 35).

**15.** In *Hollander*, the court also cited to authority that declined to apply the Rule 9(b) standard to section 292 claims, applying instead the pleading requirements of Rule 8. *Id.* at 549–50, at *5. *See Astec Am., Inc. v. Power-One, Inc.*, Civ. No. 6:07–cv–464, 2008 WL

1734833 at *9 (E.D.Tex. Apr. 11, 2008) (denying a motion to dismiss a false marking claim for failure to plead with particularity); *Third Party Verification, Inc. v. Signaturelink, Inc.*, 492 F.Supp.2d 1314, 1327 (M.D.Fla.2007) ("There is no case law that has required Rule 9 level of pleading to claims for false marking.")

section 292, but acknowledge that inequitable conduct, which also requires intent to deceive, must be pled with the heightened requirements of Rule 9(b). *Id.*; *see also Exergen Corp. v. Wal–Mart Stores, Inc.*, 575 F.3d at 1325–31.

■ As stated in *Simonian*, "[f]alse marking is only actionable where there is an intent to deceive. Therefore, a claim brought under 35 U.S.C. § 292 is a fraud-based claim ... subject to the heightened pleading requirements of Rule 9(b)." 2010 WL 2523211 at *3 (quoting *Forest*, 590 F.3d at 1300; *Juniper*, 2009 WL 1381873, at *4) (internal quotations removed). The court agrees with the United States District Court for the Eastern District of Pennsylvania, and other districts, that the heightened pleading standard of Rule 9(b) applies to section 292 claims.

### b. Discussion

In her suit against BIC, plaintiff alleges that, upon information and belief, BIC has marked and continues to mark products with expired patents for the purpose of deceiving the public into believing that the products are covered by the patent. (Civ. No. 09–860, D.I. 1 at ¶¶ 18, 35) Plaintiff also contends that BIC knows, or at least should know (by itself or by its representatives): (1) that patents expire; (2) that one or more of the patents marked on the identified products have expired; and (3) that the products identified are not covered by the expired patents. (*Id.* at ¶¶ 23–25) These broad allegations that BIC "intentionally included expired patents in the patent markings" with the "intent to deceive the public" do not meet the heightened pleading standard of Rule 9(b). (D.I. 1 at ¶¶ 33–35) As stated by the Third Circuit, the court may apply a relaxed

Rule 9(b) standard if essential information is in a defendant's "knowledge or control," however, "boilerplate and conclusory allegations will not suffice" and the plaintiffs have an obligation to "accompany their legal theory with factual allegations that make their theoretically viable claim plausible." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1418.

■ Plaintiff appears to base her claims of intent on the fact that "some of the products" at issue were marked in 2001 with all three expired patents, "some" were marked in 2007 with the '282 patent, and still "some" others were marked in 2008 with the '309 and '282 patents; all four groups of claims identify different combinations of non-expired patents accompanying the expired ones. However, plaintiff's referenced exhibits show only one product for each claim and present no facts to assert that BIC added patents once they expired.[16] To the extent that plaintiff is arguing that BIC had knowledge that the patents were expired because the packaging of these products was updated following patent expiration, this argument fails to prove BIC had intent to deceive the public. *Shizzle Pop, LLC v. Wham–O, Inc.*, Civ. No. 0–3491 PA, 2010 WL 3063066, *4 (C.D.Cal. Aug. 2, 2010) ("[C]reating new packaging does not create a reasonable inference that defendant knew the '678 patent had expired.").

Plaintiff's allegations are in contrast to those raised with respect to the '437 patent in *Brinkmeier I*, where she alleged the product(s) were relabeled three times since patent expiration and, importantly, that they had sued competitors based on that patent. (D.I. 1 at ¶¶ 45, 63) Here, it is not clear from the complaint: (1) which

---

**16.** It is unclear exactly what plaintiff is alleging with these claims. Her complaint does not list which products she is referring to, but instead references exhibits which show only one product under each claim.

product(s) were allegedly mismarked; (2) for what time; and (3) why any of the cited changes were made. Also, plaintiff has provided no indication there was litigation on any of these patents that would imply a working knowledge of the patents, conscious knowledge of the scope and expiration date.[17]

The burden ultimately lies with the party who asserts false marking to show, "by a preponderance of the evidence, that the accused party did not have a reasonable belief that the articles were properly marked." *Clontech Labs., Inc.*, 406 F.3d at 1352–53; *see Hollander*, 726 F.Supp.2d at 549, 2010 WL 2813015 at *5 (Defendant has the "burden to plead and produce facts demonstrating that the plaintiffs, in marking the solution with the '515 patent, had the specific intent to deceive the public into believing something that the plaintiffs knew to be false.") Here, plaintiff has pled no facts to show BIC intentionally attempted to deceive the public.

Plaintiff further alleges that, "upon information and belief, BIC is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents." (D.I. 1 at ¶ 20) Also, "as a sophisticated company with, upon information and belief, in-house attorneys ... BIC knows, or reasonably should know, of the requirements of 35 U.S.C. § 292," (*Id.* at 27) The court in *Simonian v. Cisco Systems Inc.* rejected this same "sophisticated company" assertion to prove intent to deceive, stating that "Simonian has failed to plead specific facts showing Cisco's knowledge of the mismarking or its intent to deceive the public." 2010 WL 2523211 at *3. Therefore,

allegations that BIC is sophisticated and employs experienced counsel do not suggest intent to deceive.

Plaintiffs allegations are similar to those raised by the plaintiff in *Hollander*. The United States District Court for the Eastern District of Pennsylvania concluded that plaintiff "sufficiently pleaded facts to show misrepresentation" since it was undisputed that the patents were expired, but failed to sufficiently plead intent to deceive.

> Although Plaintiff has alleged that defendant knew or reasonably should have known that the products were marked with expired patents, Plaintiff attempts to support those allegations by averring merely that: (1) defendant knows that patents have limited duration; (2) the patents at issue expired; and (3) defendant continued to mark its products with those patents after expiration ... [D]efendant's knowledge of the limited duration of patents and the actual expiration of the patents do not create an inference that defendant knew that the patents at issue actually expired. Moreover, plaintiffs allegations based on information and belief are insufficient under Rule 9(b) where plaintiff has failed to set forth specific facts upon which such belief is reasonably based.

726 F.Supp.2d at 550–51, 2010 WL 2813015 at *6.

Here, it appears just as likely on the facts pled that BIC made a marking error. Inconsistency (to the extent the complaint implies such) does not amount to intent to deceive. For the reasons stated, the mo-

---

**17.** The court is not implying that litigation of a patent is a required element to show intent to deceive. However, neither is the mere assertion that a patent has expired sufficient; such an assertion must be followed with some other facts to show intent to deceive. *Pequig-*

*not*, 608 F.3d at 1363 ("[M]ere knowledge that a marking is false is insufficient to prove intent if [defendant] can prove that it did not consciously desire the result that the public be deceived.")

tion to dismiss filed by BIC (D.I. 6) is granted.

### C. Plaintiffs Claims Against Bayer

Plaintiff's amended complaint against Bayer (herein referred to has *"Brinkmeier III "*) is almost identical to her complaint in *Brinkmeier II*, Plaintiff alleges that, upon information and belief, Bayer: (1) is a sophisticated company with years of experience applying for, obtaining, and litigating patents; (2) has decades of experience performing due diligence; and (3) has an in-house legal department that should be aware of the § 292 requirements. (Civ. No. 10–01, D.I. 12 at ¶¶ 37, 41, 48) Further, Bayer: (4) has marked and continues to mark products with expired patents; (5) uses the expired patents in labels and/or leaflets; and (6) for the purpose of deceiving the public into believing that the products are covered by the patent. (*Id.* at ¶¶ 34, 47, 58) Plaintiff also contends that Bayer knows, or at least should know (by itself or by its representatives): (7) that patents expire; (8) when licensed or acquired patents expire; and (9) that one or more of the patents marked on the identified products have expired. (*Id.* at ¶¶ 42, 43, 45)

■ Aside from these conclusory allegations, plaintiff pleads no facts to support her contentions that Bayer included the ′002 and/or ′677 patents on any products with the intent to deceive the public. Although plaintiff first alleges that Bayer "knows or at least should know" that one or more patents expired, she later changes her allegation stating that Bayer "knew" the expiration dates of the ′002 and ′677 patents. (*Id.* at ¶¶ 45, 53) Plaintiff fails to provide any detail (name or job title) about who allegedly knew of the ′002 and/or ′667 patent expiration or who knew that the expired patents were present on the product. As stated in *Hollander*, "de-

fendant's knowledge of the limited duration of patents and the actual expiration of the patents do not create an inference that defendant knew that the patents at issue actually expired." 726 F.Supp.2d at 551, 2010 WL 2813015 at *6. The best factual allegation that plaintiff provides is that Bayer has "revised labels and/or leaflets at least once." (*Id.* at ¶ 51) Plaintiff's allegations do not rise to the level of specificity pled in *Brinkmeier I*, where plaintiff alleged that defendant sued two competitors for infringing the ′437 patent and had revised its patent markings at least three times since the expiration. *Brinkmeier I*, F.Supp.2d at 553. As stated by the Federal Circuit, a plaintiff may plead based upon information and belief, "but only if the pleading sets forth the specific facts upon which belief is reasonably based." *Exergen Corp.*, 575 F.3d at 1330–31. Plaintiff has asserted no other allegations indicative of intent or that would convey that the patents were a focus of the company. On the facts pled here, as in *Brinkmeier II*, the presence of expired patents on Bayer's products could be a simple oversight. Relabeling (with nothing more in support) does not translate into a specific intent to keep expired patents on products. For the reasons stated, the motion to dismiss filed by Bayer (D.I. 11) is granted.

## V. CONCLUSION

For the reasons stated, the motion to dismiss filed by BIC (Civ. No. 09–860 D.I. 6) and Bayer (Civ. No. 10–01, D.I. 11) is granted. An appropriate order shall issue.

### ORDER

At Wilmington this 25th day of August, 2010, consistent with the memorandum opinion issued this same date;

IT IS ORDERED that:

1. Defendants BIC Corporation and BIC USA, Inc.'s motion to dismiss the complaint (Civ. No. 09–860, D.I. 6) is granted.

2. Defendant Bayer Healthcare LLC's motion to dismiss the original complaint (Civ. No. 10–01, D.I. 6) is denied as moot.

3. Defendant Bayer Healthcare LLC's motion to dismiss the amended complaint (Civ. No. 10–01, D.I. 11) is granted.